| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| ONEWEST BANK N.A.,<br>Plaintiff, 14 CV<br><br>vs.<br><br>GERALD TUCKER, and "JOHN DOE No. 1" through "JOHN DOE No. 10" inclusive, the names of the last 10 defendants being fictitious, the true names of said defendants being unknown to Plaintiff, it being intended to designate fee owners, tenants or occupants of the mortgaged premises and/or persons or parties having or claiming an interest in or a lien upon the mortgaged premises, if the aforesaid individual defendants are living, and if any or all of said individual defendants be dead, their heirs at law, next of kin, distributees, executors, administrators, trustees, committees, devisees, legatees, and the assignees, lienors, creditors and successors in interest of them, and generally all persons having or claiming under, by, through, or against the said defendants named as a class, of any right, title, or interest in or lien upon the premises described in the complaint herein,<br><br>Defendants. | 9916<br>Case No.:<br><br>**COMPLAINT**<br><br>JUDGE WOOD<br><br>RECEIVED<br>DEC 16 2014<br>U.S.D.C. S.D. N.Y. |

Plaintiff, OneWest Bank N.A. ("OneWest" or "Plaintiff") alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

## NATURE OF THE ACTION

1. This is an action to foreclose a mortgage encumbering property located at Section: 165.65, Block: 2092 and Lot: 10 on the Tax Map of Westchester County, State of New York, more commonly known as 26 Magnolia Avenue, Mount Vernon, New York and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in Schedule A annexed hereto and made a part hereof (the "Mortgaged Property").

## THE PARTIES

2. Plaintiff OneWest is a national association, and maintains its principal place of business at 888 East Walnut Street, Pasadena, California 91101.

3. Plaintiff is the holder of the Note and Mortgage (defined below).

4. Defendant Gerald Tucker is a natural person and a resident of New York, having an address at 26 Magnolia Avenue, Mount Vernon, New York and is the owner of the Mortgaged Property.

5. Defendants "John Doe No. 1" through "John Doe No. 10" are unknown persons or entities joined as parties defendant because they may (a) be occupants, persons in possession, licensees, tenants, or others who may be in possession, claim to have a right of possession, in and to the Mortgaged Property or have a right of possession, or (b) have some interest in and to the Mortgaged Property subject and subordinate to that of Plaintiff. Such defendants are joined as party defendants herein for the purpose of foreclosing and terminating their respective interests in and to the Mortgaged Property.

6. Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to, the lien of the Mortgage.

## JURISDICTION

7. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

8. All named Defendants to this action are of diverse citizenship to Plaintiff:

(a) Defendant Gerald Tucker is a resident of the State of New York.

(b) Plaintiff maintains its principal place of business in the State of California (see 28 U.S.C. § 1332(C)(1)).

b. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs (see 28 U.S.C. §1332), in that the amount in controversy herein is $595,793.85, the unpaid principal balance of the loan, exclusive of costs and interest thereon.

**VENUE**

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) as the named defendant to this action resides in the State of New York.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to the claims in this action occurred in this District and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

**THE LOAN TRANSACTION**

11. On or about February 6, 2008, Gerald and Walter Tucker executed and delivered to IndyMac Bank, FSB ("Indymac") its successors and/or assigns, a promissory note (the "Note") evidencing a loan made to Mortgagors in the principal amount of five hundred fifty-eight thousand fifty-two and 00/100 dollars ($558,052.00) with interest as provided therein.

12. On the same day, February 6, 2008, Gerald and Walter Tucker duly executed, acknowledged, and delivered a mortgage (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IndyMac, for the purpose of securing payment of the indebtedness set forth in the Note, wherein and

whereby Mortgagor mortgaged the Mortgaged Property to MERS, as nominee for IndyMac. The Mortgage was duly recorded, on March 6, 2008, in the Westchester County Clerk's Office in Serial Number: CY39040 and the requisite mortgage tax and all other fees, were duly paid.

13. The Allonge affixed to the Note transferred the Note to Plaintiff.

14. On March 19, 2009, IndyMac Mortgage Services, a division of OneWest Bank, FSB was appointed the servicer of the Note and Mortgage.

15. On November 15, 2010, MERS, as nominee for IndyMac assigned the Mortgage to Plaintiff ("Assignment") and on December 2, 2010, the Assignment was recorded in the Westchester County Clerk's Office in Control Number: 503303023.

16. Upon information and belief, on December 24, 2010, Walter Tucker died.

17. On March 20, 2011, certain terms of the Mortgage were modified ("Modification Agreement") by the agreement of IndyMac Mortgage Services, as servicer for Plaintiff and Gerald Tucker ("Mortgagor"). The Modification Agreement. stated, among its provisions, that: (a) the new principal balance under the Note and Mortgage was six hundred and two thousand seventy-five and 35/100 dollars ($602,075.35) and included the amounts and arrears that were past due, (b) interest would be deferred on forty-two thousand eleven and 15/100 dollars ($42,011.15) of the new principal balance so that the new interest bearing principal balance would be five hundred sixty thousand sixty-four and 20/100 dollars ($560,064.20), (c) interest would accrue on the new interest bearing principal balance at a rate of 2.000% from April 1, 2011, through March 31, 2016, 3.000% from April 1, 2016 through March 31, 2017, 4.000% from April 1, 2017 through March 31, 2018, 4.875% from April 1, 2018 through the maturity date of

April 1, 2051. The Modification Agreement was recorded on October 29, 2014, in the Westchester County Clerk's Office in Control No. 2014101300088.

18. The Mortgage constitutes a valid and binding first lien on the Mortgaged Property and is enforceable in accordance with its terms, with priority superior in right to that of any other party.

**TERMS OF THE LOAN DOCUMENTS**

19. The Note and the Mortgage state that if the Mortgagor does not pay the full amount of each monthly payment on the date it is due, Mortgagor will be in default. In such an event, the holder of the Mortgage may send a notice of default to the Mortgagor, letting Mortgagor know that the overdue amount must be paid by a certain date.

20. The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagor fails to pay the overdue amount by the time set out in the notice of default.

21. Paragraph 6 (C) of the Note sets forth steps that may be taken in the event of "Borrower's Failure To Pay As Required". This paragraph states that:

> If [Mortgagor] is in default, the Note Holder may send [the Mortgagor] a written notice telling [the Mortgagor] that if [he] does not pay the overdue amount by a certain date, the Note Holder may require [him] to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

22. Paragraph 22 of the Mortgage sets forth "Lender's Rights if Borrower Fails to Keep Promises and Agreements." This paragraph states, in pertinent part:

.... [I]f all of the conditions stated in subsections (a), (b) and (c) of this Section 22 are met, Lender may require that [Mortgagor] pay immediately the entire amount then remaining unpaid under the Note and under this Security Instrument. Lender may do this without making any further demand for payment. This requirement is called 'Immediate Payment in Full.'

If Lender requires Immediate Payment in Full, Lender may bring a lawsuit to take away all of [Mortgagor's] remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as 'Foreclosure and Sale.' In any lawsuit for Foreclosure and Sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by Applicable Law and will have the right to add all reasonable attorneys' fees to the amount [Mortgagor] owe[s] Lender, which fees shall become part of the Sums Secured.

Lender may require Immediate Payment in Full under Section 22 only if all of the following conditions are met:

(a) [Mortgagor] fail[s] to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument;

(b) Lender sends to [Mortgagor], in the matter described in Section 15 of this Security Instrument, a notice that states:

(1) The promise or agreement that [Mortgagor] failed to keep or the default that has occurred;

(2) The action that [Mortgagor] must take to correct that default;

(3) A date by which [Mortgagor] must correct the default. That date will be at least 30 days from the date on which the notice is given;

(4) That if [Mortgagor] do[es] not correct the default by the date stated in notice, Lender may require Immediate Payment in Full and Lender or another Person may acquire the Property by means of foreclosure and sale

(5) That if [Mortgagor] meet[s] the conditions stated in Section 19 of this Security Instrument, [Mortgagor] will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security

Instrument remain fully effective as if Immediate Payment in Full had never been required; and

(6) That [Mortgagor] ha[s] the right in any lawsuit for Foreclosure and Sale to argue that [Mortgagor] did keep [his/her] promises and agreements under the Note and under this Security Instrument, and to present any other defenses that [Mortgagor] may have; and

(c) [Mortgagor] do[es] not correct the default stated in the notice from Lender by the date stated in that notice.

**DEFAULT AND NOTICES**

23. On December 1, 2011, Mortgagor failed to comply with the terms and provisions of the Note and Mortgage by failing to make the monthly installment payment due on that day comprising principal, interest and other sums required by the Note and Mortgage and by failing to make all subsequent monthly installment payments due thereafter.

24. On July 14, 2014, pursuant to the provisions of the Mortgage, a notice compliant in all respects with the requirements of notice set forth in Paragraph 15 (entitled "Notices Required under this Security Instrument") of the Mortgage, and Paragraph 22 of the Mortgage (as alleged above), was sent notifying Mortgagor of his failure to make the payments and setting forth each of the other matters required by Paragraph 22 of the Mortgage.

25. The default alleged above constitutes Mortgagor's failure to keep the promises and agreements made in the Note and Mortgage.

26. On July 14, 2014, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, a ninety (90) day pre-foreclosure notice was sent to the Mortgagor.

27. On July 15, 2014, pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day notice with the New York State Department of Financial Services.

28. Mortgagor's defaults continue through the date of this Complaint, unabated.

**ACCELERATION AND FORECLOSURE**

29. Plaintiff therefore elects to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

30. As of May 16, 2014, there was due and owing to Plaintiff the unpaid principal sum of $595,793.85 plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

31. To-date no sums have been paid or received by Plaintiff which would reduce or diminish the indebtedness set forth herein.

32. Pursuant to the provisions set forth in paragraph 22 of the Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

33. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

34. No other action has been commenced at law or otherwise for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

35. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property, either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

36. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

a. Any state of facts that an inspection of the Mortgaged Property would disclose;
b. The state of facts that surveys of the Mortgaged Property might disclose;
c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
h. Prior liens of record prior to the Mortgage, if any.

37. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that

must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

38. Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs,

allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, and that defendant Gerald Tucker may be adjudged to pay any deficiency remaining after the application of such monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated: New York, New York
December 12, 2014

**WINDELS MARX LANE & MITTENDORF, LLP,**

By: ______________________

Priya Swaminathan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff OneWest Bank N.A.*

## SCHEDULE A

### Legal Description

**Section 165.65 Block 2092 and Lot 10**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Mount Vernon, County of Westchester and State of New York, known and designated as Lot Nos. 173, 174, and 175 on a certain map entitled "Map of Oakwood Heights, City of Mount Vernon, New York," made by John F. Fairchild, Civil Engineer, and dated July 30, 1910, and file din the Office of the Register of Westchester County, now County Clerk's Office, Division of Land Records, August 1, 1910, as Map No. 1913.

**Premises known as 26 Magnolia Avenue, Mount Vernon, New York.**

**NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692 AS AMENDED**

1. There is, as of May 16, 2014, due and owing pursuant to the promissory note and mortgage, as described in the Complaint, the aggregate sum of $689,855.75 for unpaid principal balance, interest, accumulated late charges, and recoverable balance; in addition, attorneys' fees, costs, and disbursements have been incurred by the Creditor due to the Mortgagor's defaults, which are not included in the above sum. Per diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
December 12, 2014

**WINDELS MARX LANE & MITTENDORF, LLP**

By: S. Priya

Priya Swaminathan, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000
*Attorneys for Plaintiff OneWest Bank N.A.*